# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| NAJA TALIBAH ZAHIR, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-19-1271 |
| MICHAEL McKEEFERY, *et al.*, | * | |
| Defendants. | * | |

\*\*\*

## MEMORANDUM OPINION

On July 25, 2018, a foreclosure case naming zahir[1] as defendant was filed in the Circuit Court for Prince George's County, Maryland. *See Cohn v. Zahir, et al.,* Case No. CAEF-18-23919 (Cir. Ct. Prince George's Cty.). On April 30, 2019, zahir removed the case to this Court, although she identified herself as the plaintiff and named as parties several entities or individuals who were not party to the underlying state action.

The Court grants zahir's Motion for Leave to Proceed in Forma Pauperis pursuant to 28 U.S.C. § 1915(a)(1). ECF No. 2. 28 U.S.C. § 1915(a)(1), permits an indigent litigant to commence an action in this court without prepaying the filing fee. To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). This Court is mindful, however, of its obligation to construe liberally self-represented pleadings, such as the instant complaint. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating

---

[1] The case named zahir as Naja T Zahir. Pursuant to a signed Decree for Change of Name, zahir has officially changed her name to naja zahir el, and she consistently refers to herself without using capital letters. *See* ECF No. 1-2 at 1. The Court will refer to zahir in her preferred manner. To be very clear, zahir—regardless of the capitalization of her name—is bound by federal and state law. See *Capitalization*, Natural-Person, www natural-person.ca/capital.html (explaining the sovereign citizen movement's unfounded and untrue ideas about how the capitalization of a name can affect legal rights) (last visited May 3, 2019).

such a complaint, the factual allegations are assumed to be true. *Id*. at 93 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Nonetheless, liberal construction does not mean that this court can ignore a clear failure in the pleading to allege facts which set forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up questions never squarely presented"). In making this determination, "[t]he district court need not look beyond the complaint's allegations . . . . It must hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-23 (4th Cir. 1989).

Federal courts are courts of limited jurisdiction, "constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute." *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998). Because questions of subject matter jurisdiction concern the court's power to hear the case, they must be resolved before the court can turn to the sufficiency or merits of a claim. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'") (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884)). Federal courts retain original jurisdiction over civil cases, with some exceptions not relevant here, only in two instances: (1) under federal question jurisdiction, where the case involves an issue of federal law, *see* 28 U.S.C. § 1331, or (2) under diversity jurisdiction, where the parties in the case are citizens of different states and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332.

zahir asserts that this court can hear this case based on diversity jurisdiction.  *See* ECF No. 1 at 2.  However, zahir's filings here, as well as review of the state court docket, reveals that all of the parties in this action are citizens of Maryland.  *See* ECF No. 1 at 1–2.  Under 28 U.S.C. § 1441(b)(2), an otherwise removable diversity case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."  28 U.S.C. § 1441(b)(2).

zahir appears to claim that she is not a citizen of the State of Maryland despite her Maryland address because she "is a natural woman, a non-U.S. Citizen, possessing Free-hold by Inheritance, Primogeniture Status and Spiritual Status; supported by Court order dated February 8th, 2019 and Exemplification documents, standing Squarely Affirmed, aligned and bound to the Constitution for the united states Republic, North America-bound squarely affirmed to THE TREATY OF PEACE AND FRIENDSHIP OF SEVENTEEN HUNDRED AND EIGHTY-SEVEN (1787) A.D. superseded by THE TREATY OF PEACE AND FRIENDSHIP OF EIGHTTEEN HUNDRED and THIRTY-SIX (1836) A.D, between Morocco and the United States (http://www.yale.edu/lawweb/avalon/diplomacy/barbary/bar1866t.htm or at Bevines Law Book of Treaties) the same as displayed under Treaty Law, Obligations, Authority, as expressed in *Article VI of the Constitution for the United States of America (Republic)*."  ECF No. 1 at 2–3 (emphasis in original).

The court does not find zahir's claiming of non-citizen status persuasive.  The language used parrots the language of the beliefs and rhetoric espoused by the "flesh and blood," American Moorish, and Sovereign Citizen movements, all of which have been uniformly rejected as legally frivolous by this and other courts across the country.  "So-called sovereign citizens believe that they are not subject to government authority and employ various tactics in

an attempt to, among other things, avoid paying taxes, extinguish debts, and derail criminal proceedings." *Gravatt v. United States*, 100 Fed. Cl. 279, 282 (2011); *see also El Ameen Bey v. Stumpf*, 825 F.Supp.2d 537, 540–48 (D. N.J. 2011) (describing interplay of Moorish-American and Sovereign Citizen movements and holding plaintiff's reliance on Treaty with Morocco, or "Treaty of Peace and Friendship 1787" in civil suit raising claims against bank in order to assert interest in real property facially frivolous); *United States v. Mitchell*, 405 F. Supp. 2d 602, 604 (D. Md. 2005) (describing "flesh and blood defense" and its anti-government roots); *United States v. Singleton*, No. 03 CR 175, 2004 WL 1102322, at *3 (N.D. Ill. May 7, 2004) (denying motion to dismiss for lack of jurisdiction based on argument that defendant was "a flesh and blood man"); *United States v. Secretary of Kansas*, No. 03-1170-JTM, 2003 WL 22472226, at *1 (D. Kan. Oct. 30, 2003) (describing how criminal defendant who filed a lien against property owned by federal judge sought dismissal of injunctive action filed by United States because he was "a flesh and blood man"); *Brown v. United States,* 105 F.3d 621 (Fed. Cir. 1997) (describing an attempt to avoid payment of federal income taxes); *United States v. Schneider,* 910 F.2d 1569, 1570 (7th Cir. 1990) (describing criminal defendant's belief that he was above the laws of the United States); *Bryant v. Wash. Mut. Bank,* 524 F.Supp.2d 753, 758 (W.D. Va. 2007) (describing an attempt to satisfy a mortgage with a Bill of Exchange that was based on "equal parts revisionist legal history and conspiracy theory").

Even allowing for liberal construction, zahir's assertions are void of any legal basis upon which relief sought might be granted and do not establish her diversity of citizenship from the state court plaintiffs in this case. This case must be remanded.

A separate Order follows.

5/3/2019  
Date

_____/S/_____  
Paula Xinis  
United States District Judge